JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

FRANCES ARCHIBOLD,                     )   Case No. CV 15-1776 FMO (JPRx)
                                       )
                    Plaintiff,         )
                                       )
          v.                           )   ORDER REMANDING ACTION
                                       )
TIME WARNER CABLE, INC.,               )
                                       )
                    Defendant.         )
_____)

Having reviewed and considered all the briefing filed with respect to plaintiff's Motion to Remand to State Court ("Motion"), the court concludes that oral argument is not necessary to resolve the Motion. See Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001).

**INTRODUCTION**

On November 6, 2014, Frances Archibold ("plaintiff") filed a Complaint in Los Angeles County Superior Court ("state court") against Time Warner Cable, Time Warner, Timewarner.com, Time Warner Cable, Inc. (formerly Warner Cable Communications), Lynne Hall ("Hall"), Florentina Wilhelm ("Wilhelm"), and Does 1 through 100. (See Notice of Removal ("NOR"), Exhibit ("Exh.") A ("Complaint") at ¶¶ 2-10). The Complaint asserts claims for: (1) disability discrimination; (2) failure to a provide reasonable accommodation; (3) failure to engage in the interactive process; (4) age discrimination; (5) wrongful termination in violation of public policy; (6) breach of the

covenant of good faith and fair dealing; and (7) intentional infliction of emotional distress.  (See id. at ¶¶ 18-49).

On February 24, 2015, while the case was pending in state court, the parties stipulated that Time Warner Cable, Inc. ("TWC" or "defendant") was plaintiff's employer and plaintiff would dismiss the remaining defendants. (See NOR at ¶ 2).[1]  On December 19, 2014, Hall and Wilhelm filed a demurrer to the Complaint, (see id. at ¶ 3), and on February 24, 2015, the parties stipulated that plaintiff would voluntarily dismiss Hall and Wilhelm.  (See id.).  On February 26, 2015, plaintiff voluntarily dismissed Hall and Wilhelm as defendants.  (See id.).

On March 11, 2015, TWC, the only remaining defendant, removed the action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332 and 1441.  (See NOR at ¶ 11).  Plaintiff filed the instant Motion on April 14, 2015.  On April 23, 2015, the court ordered TWC to address in its Opposition "the amount of any worker's compensation and unemployment insurance benefits plaintiff received during the relevant time period of which defendant is aware." (Court's Order of April 23, 2015).  On May 1, 2015, TWC filed its Opposition to the Motion ("Opp'n").  Plaintiff filed a Reply in Support of the Motion on May 8, 2015.

## LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"  28 U.S.C. § 1441(a).  A removing defendant bears the burden of establishing that removal is proper.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant").  Moreover, if there is any doubt regarding the existence of subject matter  jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.  See Gaus, 980 F.2d at 566 ("Federal

---

[1]  This stipulation was filed on March 2, 2015.  (See NOR at ¶ 2).

1  jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."").

2  Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter

3  jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners

4  Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter

5  jurisdiction may not be waived, and, indeed, we have held that the district court must remand if

6  it lacks jurisdiction."); Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule

7  of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter

8  jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal.") (footnote

9  omitted); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a

10  district court may remand an action where the court finds that it lacks subject matter jurisdiction

11  either by motion or sua sponte).

12  **DISCUSSION**

13  Defendant bears the burden of proving by a preponderance of the evidence that the amount

14  in controversy meets the jurisdictional threshold of $75,000.  See 28 U.S.C. § 1332;[2] Valdez v.

15  Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004); see also Matheson v. Progressive Specialty

16  Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam) ("Where it is not facially evident from

17  the complaint that more than $75,000 is in controversy, the removing party must prove, by a

18  preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold.

19  Where doubt regarding the right to removal exists, a case should be remanded to state court.")

20  (footnotes and citations omitted).  Here, defendant has not met its burden in establishing that the

21  amount in controversy meets or exceeds the diversity jurisdiction threshold.

22  As an initial matter, the amount of damages plaintiff seeks cannot be determined from the

23  Complaint, as the Complaint simply alleges "damages to an extent and amount according to proof

24  at the time of trial."  (Complaint at ¶ 20; see also id. at ¶¶ 24, 28, 32, 37, 44 & 48).  Defendant

25  contends that the amount in controversy threshold is met because at the time of plaintiff's

26  _____

27  [2]  In relevant part, 28 U.S.C. § 1332(a) provides that "district courts shall have original
jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of

28  $75,000, exclusive of interest and costs[.]"

termination, plaintiff's hourly rate was $21.64, (see NOR at ¶ 7), and calculating from the last day of plaintiff's employment to the filing of the NOR, defendant concludes plaintiff's total lost wages alone to be over $82,000.  (See id.).  Defendant also asserts that plaintiff has received benefits worth well over $10,000 per year.  (See id.).

Defendant's conclusory assertions with respect to plaintiff's wages and benefits are insufficient for defendant to meet it burden of establishing, by a preponderance of the evidence, that the amount in controversy meets or exceeds the diversity jurisdiction threshold.[3]  Defendant does not state or provide any evidence as to the basis for its calculations.  (See NOR at ¶ 7; see, generally, Opp'n).  For example, there is no indication as to the number of hours defendant used to reach its total, the number of hours a week plaintiff worked when she worked for defendant, and whether she worked the same hours every week, or which benefits and how were the benefits quantified in the calculation.  (See, generally, Opp'n).  Nor does defendant provide any evidence by which the court could confirm the accuracy of defendant's calculations.  (See, generally, id.).  Defendant's unsubstantiated assertions, untethered to any evidence, cannot satisfy the amount in controversy requirement of § 1332(a).  See Gaus, 980 F.2d at 567 (remanding for lack of diversity jurisdiction where defendant "offered no facts whatsoever . . . [to] overcome[ ] the strong presumption against removal jurisdiction, nor satisf[y] [defendant's] burden of setting forth . . . the underlying facts supporting its assertion that the amount in controversy exceeds [the statutory threshold].") (internal quotations omitted) (emphasis in the original).

Moreover, despite the court's order that defendant address in its Opposition "the amount of any worker's compensation and unemployment insurance benefits plaintiff received during the

---

[3] Defendant's reliance on Dart Cherokee Basin Operating Co. v. Owens, 135 S.Ct. 547 (2014), is misplaced.  Dart Cherokee applies to removals under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), but even assuming it applied to the instant removal, it would not assist defendant given that plaintiff and the court have challenged defendant's jurisdictional allegations. At that point, defendant was required to substantiate its allegations, which it has not.  See Dart Cherokee, 135 S.Ct. at 554 ("Evidence establishing the amount [in controversy] is required . . . when the plaintiff contests, or the court questions, the defendant's allegation.").  In fact, defendant failed to comply with the court's order to address whether plaintiff has received worker's compensation or unemployment insurance benefits during the relevant time period.  (See Court's Order of April 23, 2015; see, generally, Opp'n).

1 relevant time period[,]" (Court's Order of April 23, 2015), defendant did not even mention, let alone

2 address, whether and the amount of worker's compensation or unemployment insurance benefits

3 plaintiff received during the relevant time period.  (See, generally, Opp'n).  Such compensation

4 and benefits constitute mitigation of damages, and are taken into account in determining the

5 amount in controversy.  See Lamke v. Sunstate Equipment Co., LLC, 319 F.Supp.2d 1029, 1033

6 (N.D. Cal. 2004) (finding that the court "should engage in an inquiry into the facts with respect to

7 mitigation of damages" in evaluating the amount in controversy in the context of removal);

8 Melendez v. HMS Host Family Restaurants, Inc., 2011 WL 3760058, *2 (C.D. Cal. 2011)

9 (remanding case where amount in controversy was not met after reducing potential lost wages by

10 the amount of disability benefits plaintiff received).  Defendant's failure to address this issue further

11 supports the court's determination that defendant has not met its burden.

12      Defendant's reliance on plaintiff's demand for emotional distress damages, (see NOR at

13 ¶ 7; see also id. at ¶ 9), is similarly unpersuasive.  Even if emotional distress damages are

14 potentially recoverable, plaintiff's Complaint does not allege any specific amount for her emotional

15 distress claims, (see Complaint at ¶ 20; see also id. at ¶¶ 24, 28, 32, 37, 44 & 48), and it would

16 therefore be speculative to include these damages in the total amount in controversy.[4]  See Cable

17 v. Merit Life Ins. Co., 2006 WL 1991664, *3 (E.D. Cal. 2006) (Defendant's argument that emotional

18 distress damages exceeded the jurisdictional threshold was insufficient when "[d]efendant

19 provide[d] no reliable basis for determining the amount of emotional distress damages likely to be

20 recovered in this case.") .  Further, defendant fails to provide any analogous cases, with

21 substantially similar factual scenarios, that might guide the court as to what emotional distress

22 damages might be recovered.  (See, generally, NOR); see also Mireles v. Wells Fargo Bank, N.A.,

23 845 F.Supp.2d 1034, 1055 (C.D. Cal. 2012) (remanding where defendants "proffer[ed] no

24

---

25      [4]  Defendant asserts that "[b]ased on plaintiff's allegations and request for damages, it is
26 facially apparent that plaintiff seeks to recover damages in excess of $75,000, exclusive of
   interests and cost." (NOR at ¶ 8).  However, the court declines to make such a determination
27 under the circumstances of this case, because such a conclusion would involve relying on
   defendant's unsubstantiated figures of plaintiff's lost wages of $45,000 per year and lost benefits
28 of $10,000 per year.  (See id. at ¶ 7).

evidence that the lawsuits and settlements alleged in the complaint are factually or legally similar to plaintiffs' claims."); Dawson v. Richmond Am. Homes of Nevada, Inc., 2013 WL 1405338, *3 (D. Nev. 2013) (remanding where defendant "offered no facts to demonstrate that the [proffered analogous] suit is factually identical [to plaintiffs' suit.]").

Plaintiff also seeks an unspecified amount of punitive damages, (see Complaint at ¶ 21; see also id. at ¶¶ 25, 29, 33, 38, 45 & 49), which may be included in the amount in controversy calculation. See Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001), cert. denied, 534 U.S. 1104 (2002). "However, the mere possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met." Burk v. Med. Sav. Ins. Co., 348 F.Supp.2d 1063, 1069 (D. Ariz. 2004); accord Geller v. Hai Ngoc Duong, 2010 WL 5089018, *2 (S.D. Cal. 2010); J. Marymount, Inc. v. Bayer Healthcare, LLC, 2009 WL 4510126, *4 (N.D. Cal. 2009). Rather, a defendant "must present evidence that punitive damages will more likely than not exceed the amount needed to increase the amount in controversy to $75,000." Burk, 348 F.Supp.2d at 1069. Removing defendants may establish "probable punitive damages, for example, by introducing evidence of jury verdicts in analogous cases." See id.

Here, defendant has not provided any evidence of punitive damages awards in similar cases, (see, generally, NOR), so inclusion of punitive damages in the amount in controversy would be improper. See Burk, 348 F.Supp.2d at 1070 ("Here, Defendant not only failed to compare the facts of Plaintiff's case with the facts of other cases where punitive damages have been awarded in excess of the jurisdictional amount, it failed even to cite any such cases. . . . This is insufficient to establish that it is more likely than not that a potential punitive damage award will increase the amount in controversy above $75,000."); Killion v. AutoZone Stores Inc., 2011 WL 590292, *2 (C.D. Cal. 2011) ("Defendants cite two cases . . . in which punitive damages were awarded, but make no attempt to analogize or explain how these cases are similar to the instant action. . . . Simply citing these cases merely illustrate[s] that punitive damages are possible, but in no way shows that it is likely or probable in this case. Therefore, Defendants' inclusion of punitive damages in the calculation of the jurisdictional amount is speculative and unsupported.").

6

1    Finally, plaintiff's Complaint also includes a claim for attorney's fees. (See Complaint at ¶¶

2    21, 25, 29, 33, 38 & 45). "[W]here an underlying statute authorizes an award of attorneys' fees,

3    either with mandatory or discretionary language, such fees may be included in the amount in

4    controversy." Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 1000 (9th Cir. 2007), overruled

5    on other grounds as recognized by Rodriguez v. AT & T Mobility Serv. LLC, 728 F.3d 975, 976-77

6    (9th Cir. 2013). "[C]ourts are split as to whether only attorneys' fees that have accrued at the time

7    of removal should be considered in calculating the amount in controversy, or whether the

8    calculation should take into account fees likely to accrue over the life of the case." Hernandez v.

9    Towne Park, Ltd., 2012 WL 2373372, *19 (C.D. Cal. 2012) (collecting cases); see Reames v. AB

10   Car Rental Servs., Inc., 899 F.Supp.2d 1012, 1018 (D. Or. 2012) ("The Ninth Circuit has not yet

11   expressed any opinion as to whether expected or projected future attorney fees may properly be

12   considered 'in controversy' at the time of removal for purposes of the diversity-jurisdiction statute,

13   and the decisions of the district courts are split on the issue."). The court is persuaded that "the

14   better view is that attorneys' fees incurred after the date of removal are not properly included

15   because the amount in controversy is to be determined as of the date of removal." Dukes v. Twin

16   City Fire Ins. Co., 2010 WL 94109, *2 (D. Ariz. 2010) (citing Abrego Abrego, 443 F.3d at 690).

17   Indeed, "[f]uture attorneys' fees are entirely speculative, may be avoided, and are therefore not

18   'in controversy' at the time of removal." Dukes, 2010 WL 94109, at *2; accord Palomino v.

19   Safeway Ins. Co., 2011 WL 3439130, *2 (D. Ariz. 2011).

20   Here, defendant provides no evidence of the amount of attorney's fees that were incurred

21   at the time of removal. (See, generally, NOR & Opp'n). In its Opposition, defendant again merely

22   asserts that plaintiff seeks attorney's fees, but does not provide any figures or reasons why the

23   attorney's fees would help establish that the amount in controversy exceeds $75,000. (See Opp'n

24   at 4). Therefore, defendant has not shown by a preponderance of the evidence that the inclusion

25   of attorney's fees would cause the amount in controversy to reach the $75,000 threshold. See

26   Walton v. AT&T Mobility, 2011 WL 2784290, *2 (C.D. Cal. 2011) (declining to reach the issue of

27   whether future attorney's fees could be considered in the amount in controversy because the

28

1   defendant "did not provide any factual basis for determining how much attorney's fees have been

2   incurred thus far and will be incurred in the future[, and] [b]ald assertions are simply not enough.").

3          In sum, given that any doubt regarding the existence of subject matter jurisdiction must be

4   resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is

5   not persuaded, under the circumstances here, that defendant has met its burden of proving by a

6   preponderance of the evidence that the amount in controversy meets the jurisdictional threshold.

7   See Matheson, 319 F.3d at 1090 ("Where it is not facially evident from the complaint that more

8   than $75,000 is in controversy, the removing party must prove, by a preponderance of the

9   evidence, that the amount in controversy meets the jurisdictional threshold. Where doubt regarding

10  the right to removal exists, a case should be remanded to state court."); Valdez, 372 F.3d at 1117.

11  Therefore, there is no basis for diversity jurisdiction.  See 28 U.S.C. § 1332(a).

12         **This Order is not intended for publication.  Nor is it intended to be included in or**

13  **submitted to any online service such as Westlaw or Lexis.**

14                                         **CONCLUSION**

15         Based on the foregoing, IT IS ORDERED THAT:

16         1. Plaintiff's Motion to Remand Action to State Court **(Document No. 10)** is **granted**.

17         2. The above-captioned action shall be **remanded** to the Superior Court of the State of

18  California for the County of Los Angeles, 111 North Hill Street, Los Angeles, California 90012, for

19  lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

20         3.  The Clerk shall send a certified copy of this Order to the state court.

21  Dated this 27th day of May, 2015

22

23                                            /s/
                                   _____
24                                       Fernando M. Olguin
                                       United States District Judge

25

26

27

28

                                              8